IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STANLEY H. BRANDON, JR. | ) | CIVIL NO. 07-00334 SPK-KSC |
| | ) | |
| Plaintiff, | ) | REPORT OF SPECIAL MASTER |
| | ) | RECOMMENDING THAT |
| vs. | ) | DEFENDANT NWO, INC.'S |
| | ) | AMENDED MOTION FOR |
| NWO, INC., | ) | ATTORNEYS' FEES AND |
| | ) | RELATED NON-TAXABLE |
| Defendant. | ) | EXPENSES BE DENIED |
| _____ | ) | |

REPORT OF SPECIAL MASTER RECOMMENDING THAT DEFENDANT
NWO, INC.'S AMENDED MOTION FOR ATTORNEYS' FEES AND
<u>RELATED NON-TAXABLE EXPENSES BE DENIED</u>

On May 2, 2008, Defendant NWO, Inc.

("Defendant") filed an Amended Motion for Attorneys'

Fees and Related Non-Taxable Expenses ("Motion") and a

Statement of Consultation.  On May 9, 2008, Defendant

filed a second Statement of Consultation.  That same

day, Plaintiff Stanley Brandon, Jr. ("Plaintiff") filed

his Opposition and a Statement of Consultation.  On May

20, 2008, Defendant filed a Reply.

Pursuant to Local Rule 7.2(d) of the Local

Rules of Practice of the United States District Court

for the District of Hawaii ("Local Rules"), the Court

finds this matter suitable for disposition without a

hearing.   After careful consideration of the Motion, the supporting and opposing memoranda, and the applicable law, the Court hereby recommends that Defendant's Motion be DENIED.

<u>BACKGROUND</u>

On April 20, 2007, Plaintiff filed a Complaint in the District Court of the First Circuit, State of Hawaii ("State Court").  He alleges that Defendant, his former employer, breached provisions of a Collective Bargaining Agreement between Defendant and the Alaska Fisheries Division of the United Industrial Service, Transportation, Professional and Government Workers of North America - SIUNA-AFO-CIO ("Union").  Plaintiff was a Union member during his tenure with Defendant.  In the Complaint, Plaintiff requested $20,000 in damages plus costs, interest, and reasonable attorneys' fees.

On June 15, 2007, Defendant removed the action from State Court on the basis that Plaintiff's claims arise under federal law; namely, that they are preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.  Notice of Removal at ¶

4.

On March 10, 2008, the Court issued an Order
Granting Defendant's Motion for Summary Judgment ("SJ
Order"), wherein the Court found that Plaintiff
produced no evidence to support the elements of a
hybrid § 301 claim, and that Plaintiff filed his
Complaint well after the applicable six-month statute
of limitations.  SJ Order at 2.  Following the issuance
of this Order, the Court entered Judgment in
Defendant's favor.

On March 24, 2008, Defendant filed a Motion for
Attorneys' Fees and Related Non-Taxable Expenses.  On
April 22, 2008, the Court issued an Order Denying
Without Prejudice Defendant's Motion for Attorneys'
Fees and Related Non-Taxable Expenses.  The Court
denied the motion due to Defendant's failure to file a
Statement of Consultation and for failure to submit
documentation in conformance with Local Rule 54.3(d).[1]

---

[1] Defendant's current submissions comply with the
applicable Local Rules.

3

<u>DISCUSSION</u>

As before, Defendant requests an award of attorneys' fees pursuant to Federal Rule of Civil Procedure ("FRCP") 54(d) and Local Rule 54.3. Defendant argues that despite the fact that § 301 does not specifically authorize an award of attorneys' fees, fees are appropriate because Plaintiff's claim is frivolous, unreasonable, and clearly lacking foundation.  In addition, Defendant posits that Plaintiff's pro se status should not preclude an award of fees, especially where, as here, defense counsel informed Plaintiff that his claims were not viable and advised him to retain counsel.

Plaintiff counters that his Complaint is not frivolous.  He further asserts that if the Court wishes to insulate Defendant from legal fees and costs then it must do the same for him.  According to Plaintiff, he has suffered opportunity costs in the way of lost wages, totaling approximately $30,000.00.

Under the "American Rule," each party is generally responsible for paying for his or her own

4

litigation expenses.  <u>See</u> <u>Buckhannon Board & Care Home,</u> <u>Inc. v. West Virginia Dep't of Health & Human</u> <u>Resources</u>, 532 U.S. 598, 602 (2001).  As a result, a party does not recover attorneys' fees merely because it prevails in litigation.  To recoup attorneys' fees, the award of fees must be explicitly authorized by statute or other legal authority.[2]  <u>See</u> <u>Stanton Road</u> <u>Assoc. v. Lohrey Entm't</u>, 984 F.2d 1015, 1018 (9th Cir. 1993); <u>Alyeska Pipeline Serv. Co. v. Wilderness Soc'y</u>, 421 U.S. 240 (1975).  Thus, courts "are not free to fashion an award of attorneys' fees where Congress has not done so."  <u>Nat'l Assoc. of Letter Carriers, AFL-CIO</u> <u>v. United States Postal Service</u>, 590 F.2d 1171, 1176 (D.C. Cir. 1978).

However, there are exceptions to the American Rule, including "willful disobedience of a court order . . . or when the losing party has acted in bad faith,

_____

[2]  Local Rule 54.3(c) requires a party seeking recovery of attorneys' fees to specify the applicable judgment and statutory or contractual authority entitling it to attorneys' fees and non-taxable expenses.

vexatiously, wantonly, or for oppressive reasons."
Alyeska, 421 U.S. at 258-59 (internal citations and
quotations omitted); Zeman v. Office and Prof'l
Employees Int'l Union Local 35, 91 F. Supp. 2d 1247,
1249 n.1 (E.D. Wis. 2000) (noting that the common
benefit or common fund exception, willful disobedience
to a court order exception, and the frivolous or bad
faith exception are equitable exceptions to the
American Rule); Assoc. of Flight Attendants, AFL-CIO v.
Horizon Air Indus., Inc., 976 F.2d 541, 548 (9th Cir.
1992) (recognizing the bad faith exception to the
American Rule, but holding that an award of fees may
only be imposed in "exceptional cases and for
dominating reasons of justice").

Here, Defendant concedes that § 301 does not
provide for an award of attorneys' fees. See, e.g.,
Zeman, 91 F. Supp. 2d at 1249 ("Section 301 . . . does
not authorize the award of attorney fees . . . ."); see
also Ison v. Benham Coal, Inc., 668 F. Supp. 594, 597
(E.D. Ky. 1987) ("The Labor-Management Act does not
authorize an award of attorney fees to a successful

6

party in a section 301 action.  The absence of such
authorization has been deemed to bar such an award.").
However, Defendant argues that federal common law
authorizes an award of fees.  According to the First
Circuit, "[u]nder federal common law, a court may award
fees and costs to the winning party in a section 301
action if the losing party's position was 'frivolous,
unreasonable, or without foundation.'"  <u>Local 2322,</u>
<u>Int'l Bhd. of Elec. Workers v. Verizon New England,</u>
<u>Inc.</u>, 464 F.3d 93, 100 (1st Cir. 2006); cf.
<u>Christiansburg Garment Co. v. Equal Employment</u>
<u>Opportunity Comm'n</u>, 434 U.S. 412, 421 (1978) (holding
that courts have the discretion to award attorneys'
fees to a prevailing defendant in certain civil rights
lawsuits if the plaintiff's action is "frivolous,
unreasonable, or without foundation, even though not
brought in subjective bad faith").  Contrastingly, the
Ninth Circuit has instructed that requests for
attorneys' fees under the LMRA should be examined under
a bad faith standard.  <u>Roy Allen Slurry Seal v.</u>
<u>Laborers Int'l Union of N. Am. Highway and Street</u>

7

Stripers/Road and Street Slurry Local Union 1184,
AFL-CIO, 241 F.3d 1142, 1148 (9th Cir. 2001) (citing
Wellman v. Writers Guild of Am., West, Inc., 146 F.3d
666, 674 (9th Cir. 1998)).  Under the bad faith
standard, "[a] prevailing party may receive attorneys'
fees if his adversary 'acted in bad faith, vexatiously,
wantonly, or for oppressive reasons.'"  Wellman, 146
F.3d at 674 (quoting Sheet Metal Workers v. Madison
Indus. Inc., 84 F.3d 1186, 1192 (9th Cir. 1996)).

In the present case, the Court finds that
Defendant is not entitled to attorneys' fees,
irrespective of whether the bad faith or frivolous
standard applies.  This is particularly so given
Plaintiff's pro se status.  Ordinarily, the Court can
only award fees against a pro se plaintiff where the
plaintiff's actions are "frivolous, unreasonable or
without foundation."  See Miller v. Los Angeles County
Bd. of Educ., 827 F.2d 617, (9th Cir. 1987) (quoting
Christiansburg, 434 U.S. at 421) (Title VII case); cf.
Wood v. McEwen, 644 F.2d 797, 802 (9th Cir. 1981)
(authorizing award of fees against pro se litigant on

8

appeal where litigant refused to comply with the
court's discovery orders, raised spurious and
unsubstantiated allegations of misconduct against large
groups of organizations and individuals, and filed 36
other cases raising the same claims).  The Ninth
Circuit has cautioned that the <u>Christiansburg</u> standard
should be "applied with particular strictness in cases
where the plaintiff proceeds pro se." <u>See</u> <u>Miller</u>, 827
F.2d at 620.  In making a determination regarding fees,
the Court considers factors such as the plaintiff's
ability to recognize the objective merits of a claim;
whether an action is subject to dismissal prior to
trial; and the financial resources of the plaintiff.
<u>Id.</u> at 620-21; <u>Hughes v. Rowe</u>, 449 U.S. 5, 15-16
(1980).

A.  <u>Merits of Plaintiff's Claim</u>

        Defendant argues that Plaintiff's claim is
frivolous, unreasonable, and clearly lacking
foundation.  The Court disagrees.  "[P]ro se plaintiffs
cannot simply be assumed to have the same ability as a
plaintiff represented by counsel to recognize the

objective merit (or lack of merit) of a claim."
<u>Miller</u>, 827 F.2d at 620.  Defendant represents that
Plaintiff has long been aware that his claim is not
viable under § 301 and relevant case law and that its
counsel advised Plaintiff to retain an attorney.  The
mere fact that defense counsel informed Plaintiff that
his claims lacked merit and advised him to hire an
attorney cannot support a finding that Plaintiff's
claims were frivolous and without merit.  The Court
would not expect an unrepresented plaintiff to heed or
accept the advice offered by opposing counsel.
Opposing counsel's assessment of the claims is not
equivalent to a finding by the Court regarding the
merits of said claims.

In any event, the relevant inquiry is
Plaintiff's ability, as an unrepresented party, to
recognize the merits of his claims.  Where, as here,
Plaintiff's claims implicate the LMRA, which Defendant
characterizes as relatively sophisticated, it would not
be unreasonable for Plaintiff to have some difficulty

10

recognizing the merits (or lack thereof) of his claims.[3]
This case is distinguishable from those where the
plaintiff repeatedly brought claims previously found to
be frivolous.  Wood, 644 F.2d at 802 (pro se plaintiff
filed 36 other cases raising the same claims); Kulas v.
Arizona, 156 Fed. Appx. 29 (9th Cir. 2005) (pro se
plaintiff represented self in approximately 19 lawsuits
filed in one district alone and has represented self
before the Ninth Circuit more than 20 times); Miller,
827 F.2d at 620 (if the 3 agencies with which the pro
se plaintiff filed charges made findings that the
claims were frivolous in rejecting the claims, such
findings would provide support for an award of fees).
Repeated attempts by a pro se plaintiff to bring claims
that had already been deemed frivolous would militate

---

[3]  Defendant argues that Plaintiff was encouraged to
obtain counsel in part because of the complicated
nature of the LMRA.  However, a party cannot be forced
to obtain counsel, and the fact that Plaintiff
exercised his right to proceed pro se and may have
consequently failed to recognize deficiencies in his
Complaint shall not be held against him.  See, e.g.,
Hughes, 449 U.S. at 15 ("An unrepresented litigant
should not be punished for his failure to recognize
subtle factual or legal deficiencies in his claims.").

in favor of awarding attorneys' fees to a prevailing defendant.  Id.

Based on the existing record, it appears that Plaintiff has not previously raised the claims in his Complaint.  Thus, no findings existed regarding the merits of his claims.  Accordingly, the Court finds that this first factor weighs against an award of fees.

B.   Dismissal of Action Prior to Trial

The district court determined that Plaintiff produced no elements of a § 301 claim and that the Complaint was filed well after the applicable six-month statute of limitations.  See SJ Order at 2.  However, Defendant's success on its summary judgment motion does not alone justify an award of fees.  See, e.g., Hughes, 449 U.S. at 15 ("The fact that a prisoner's complaint, even when liberally construed, cannot survive a motion to dismiss does not, without more, entitle the defendant to attorney's fees.").  "Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by

12

*Christiansburg*.   Id. at 15-16.   The Christiansburg

Court instructed that:

> In applying these criteria, it is
> important that a district court resist the
> understandable temptation to engage in
> post hoc reasoning by concluding that,
> because a plaintiff did not ultimately
> prevail, his action must have been
> unreasonable or without foundation. This
> kind of hindsight logic could discourage
> all but the most airtight claims, for
> seldom can a prospective plaintiff be sure
> of ultimate success. No matter how honest
> one's belief that he has been the victim
> of discrimination, no matter how
> meritorious one's claim may appear at the
> outset, the course of litigation is rarely
> predictable. Decisive facts may not emerge
> until discovery or trial. The law may
> change or clarify in the midst of
> litigation. Even when the law or the facts
> appear questionable or unfavorable at the
> outset, a party may have an entirely
> reasonable ground for bringing suit.

Christiansburg, 434 U.S. at 421-22.   Despite the fact

that Plaintiff did not offer any evidence in support of

a hybrid § 301 claim and untimely filed this action,

the Court declines to recommend an award of fees.   As

previously discussed, the shortcomings of Plaintiff's

Complaint can be attributed to his inability to

recognize the merits of his claims and to comprehend

the requirements of the LMRA.   Hence, this action does

not rise to the level of "frivolous," "groundless," or "without foundation," as contemplated by <u>Christiansburg</u> and its progeny.   Just as the Court finds that this action is not frivolous, the Court concludes that there is an absence of evidence to demonstrate that Plaintiff acted in bad faith, vexatiously, wantonly, or for oppressive reasons.

C.   <u>Plaintiff's Financial Resources</u>

Finally, the Court considers Plaintiff's financial resources.   Neither party included documentation or other concrete information to assist the Court.   With the exception of Plaintiff's notation in the caption of his filings that he is homeless and his request in his Statement of Consultation that if the Court awards fees, that it establish a payment schedule of $100/month, with the balance due on the fourth payment, the Court lacks sufficient information to properly assess Plaintiff's financial resources. Even so, the limited information before the Court suggests that Plaintiff does not have the financial

resources to pay Defendant's $20,153.40 fee request.[4]
In the absence of information to prove otherwise, the
Court finds that this factor, like the first two, fails
to support an award of fees.  Accordingly, the Court
recommends that the district court deny Defendant's
request for attorneys' fees.

CONCLUSION

Based on the foregoing, the Court HEREBY FINDS
AND RECOMMENDS that Defendant's Amended Motion for
Attorneys' Fees and Related Non-Taxable Expenses, filed
May 2, 2008, be DENIED.

IT IS SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawaii, May 21, 2008.



Kevin S.C. Chang
United States Magistrate Judge

CV NO. 07-00334 SPK-KSC; BRANDON V. NWO, INC., REPORT OF SPECIAL
MASTER RECOMMENDING THAT DEFENDANT NWO, INC.'S AMENDED MOTION FOR
ATTORNEYS' FEES AND RELATED NON-TAXABLE EXPENSES BE DENIED

---

[4]  Given the Court's previous findings that the
Complaint was not frivolous or brought in bad faith,
issues concerning Plaintiff's financial resources are
not determinative.

15